Howard Ross Cabot (# 006669)
Rusty D. Crandell (# 026224)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Post Office Box 400
Phoenix, Arizona 85001-0400
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
HCabot@perkinscoie.com
RCrandell@perkinscoie.com

*Attorneys for Plaintiff*
*Validus Holdings, Ltd.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Validus Holdings, Ltd., | No. _____ |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | |
| Musa Kiana; Validus Re Ltd.; Julian Hargreaves; validus.co, an internet domain name; validusre.co, an internet domain name; validusholdings.co, an internet domain name; validusresearch.co, an internet domain name; validusurs.co, an internet domain name; talbotuw.co, an internet domain name; undriskserv.co, an internet domain name; alphacatre.co, an internet domain name; alphacatfund.co, an internet domain name; ursl.co, an internet domain name; and underwritingriskservices.co, an internet domain name, | |
| Defendants, | |
| and | |
| GoDaddy.com, Inc., | |
| Nominal Defendant. | |

Plaintiff Validus Holdings, Ltd. ("Validus"), by and through its undersigned counsel, for its Verified Complaint alleges as follows:

**NATURE OF ACTION**

1.      In this action necessitated by Defendants Kiana, Validus Re Ltd., and Hargreaves' cyber extortion, Plaintiff Validus seeks declaratory and injunctive relief under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA") and the Lanham Act, ordering, inter alia, that the registrar of eleven domain names—validus.co, validusre.co, validusholdings.co, validusresearch.co, validusurs.co, talbotuw.co, undriskserv.co, alphacatre.co, alphacatfund.co, ursl.co and underwritingriskservices.co (collectively, the "Infringing Domain Names"), all of which infringe Validus's trademark rights—transfer the Infringing Domain Names to Validus.

2.      Validus has commenced this action in this Court because the registrar of the Infringing Domain Names, GoDaddy.com, Inc. ("GoDaddy"), named as a nominal defendant, is an Arizona corporation with its principal place of business in this district.

3.      Validus seeks temporary injunctive relief ordering GoDaddy during the pendency of this action to (i) prevent the transfer, sale, or trafficking of the Infringing Domain Names, and (ii) disable the use of the Infringing Domain Names.

4.      Defendants Kiana, Validus Re Ltd., and Hargreaves are unlawfully using the Infringing Domain Names to intercept confidential business emails intended for Validus as a means of trying to intimidate Validus into paying an exorbitant sum to purchase one or more of the Infringing Domain Names.

5.      Defendant Kiana has demanded payment of more than £1,100,000 in exchange for the transfer of several of the Infringing Domain Names.  Kiana has recently boasted about the number of confidential emails intended for Validus that he has intercepted using one or more of the Infringing Domain Names.

1     6.     Validus is suffering immediate irreparable injury as a direct consequence of
2 the Defendants' wrongful conduct, justifying the issuance of a Temporary Restraining
3 Order and a Preliminary Injunction to prevent further irreparable harm.

4 **THE PARTIES**

5     7.     Plaintiff Validus Holdings, Ltd. is a limited liability company organized
6 under the laws of Bermuda and has a principal place of business at 29 Richmond Road,
7 Pembroke, Bermuda HM 08.  ("Validus" refers to plaintiff and its subsidiaries and
8 affiliates.)

9     8.     Defendant Musa Kiana ("Kiana") is a natural person residing in the United
10 Kingdom and resides at 51 Baker Street, Chelmsford, Essex, CM2 OSA, England.

11     9.     As set forth in Exhibit 1, Defendant Validus Re Ltd. is a private limited
12 company incorporated in England and Wales with a principal place of business at 145-157
13 St. John Street, London, EC1V 4PW, United Kingdom, and Kiana is the company
14 director, and Kiana's wife, Kate Orchard, is the sole shareholder.

15     10.     Defendant Julian Hargreaves ("Hargreaves") is a natural person residing in
16 the United Kingdom.

17     11.     Defendants Kiana, Hargreaves, and Validus Re Ltd. are collectively referred
18 to herein as the "Registrant Defendants."

19     12.     Defendant validus.co is an Internet domain name registered through the
20 registrar GoDaddy.  GoDaddy's records identify the registrant of the validus.co domain
21 name as Validus Re Ltd. (UK), Crusader House, 145-157 St. John Street, London, EC1V
22 4PW, United Kingdom, and the administrative and technical contact as Kiana, Musa
23 moj0123@hotmail.com, Validus Re Ltd. (UK), Crusader House, 145-157 St. John Street,
24 London, EC1V 4PW United Kingdom.  A copy of the GoDaddy WHOIS record for the
25 validus.co domain name is attached as Exhibit 2.

26

1          13.     Defendant validusre.co is an Internet domain name registered through the

2   registrar GoDaddy.  The registrant of the validusre.co domain name is not known because

3   the validusre.co domain name was registered anonymously.  Upon information and belief,

4   Kiana, Validus Re Ltd., or both own, operate, or control the validusre.co domain name.  A

5   copy of the GoDaddy WHOIS record for the validusre.co domain name is attached as

6   Exhibit 3.

7          14.     Defendant validusholdings.co is an Internet domain name registered through

8   the   registrar   GoDaddy.     GoDaddy's   records   identify   the   registrant   of   the

9   validusholdings.co domain name as Validus Re Ltd., NON MAILING ADDRESS, 145-

10  157 St. John Street, London, EC1V 4PW, United Kingdom, and the administrative and

11  technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd.,

12  NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United

13  Kingdom.  Following investigation, it appears that the 145-147 St. John Street address is

14  made available by a third-party company that sells mail forwarding services, to which

15  Validus RE Ltd. formerly subscribed.  A copy of the GoDaddy WHOIS record for the

16  validusholdings.co domain name is attached as Exhibit 4.

17         15.     Defendant validusresearch.co is an Internet domain name registered through

18  the registrar GoDaddy.  The registrant of the validusresearch.co domain name is not

19  known because the validusresearch.co domain name was registered anonymously.  Upon

20  information and belief, Kiana, Validus Re Ltd., or both own, operate or control the

21  validusresearch.co domain name.   A copy of the GoDaddy WHOIS record for the

22  validusresearch.co domain name is attached as Exhibit 5.

23         16.     Defendant validusurs.co is an Internet domain name registered through the

24  registrar GoDaddy.  GoDaddy's records identify the registrant of the validusurs.co domain

25  name as Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London,

26

EC1V 4PW, United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom.  A copy of the GoDaddy WHOIS record for the validusurs.co domain name is attached as Exhibit 6.

17.     Defendant talbotuw.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the talbotuw.co domain name as Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom.  A copy of the GoDaddy WHOIS record for the talbotuw.co domain name is attached as Exhibit 7.

18.     Defendant undriskserv.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the undriskserv.co domain name as Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom.  A copy of the GoDaddy WHOIS record for the undriskserv.co domain name is attached as Exhibit 8.

19.     Defendant alphacatre.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the alphacatre.co domain name as Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom.  A copy of the GoDaddy WHOIS record for the alphacatre.co domain name is attached as Exhibit 9.

20.     Defendant alphacatfund.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the alphacatfund.co domain name as Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd., NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW, United Kingdom.  A copy of the GoDaddy WHOIS record for the alphacatfund.co domain name is attached as Exhibit 10.

21.     Defendant ursl.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the ursl.co domain name as Validus Re Ltd. (UK), Crusader House, 145-157 St. John Street, London, EC1V 4PW United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd, NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW United Kingdom.  A copy of the GoDaddy WHOIS record for the ursl.co domain name is attached as Exhibit 11.

22.     Defendant underwritingriskservices.co is an Internet domain name registered through GoDaddy.  GoDaddy's records identify the registrant of the underwritingriskservices.co domain name as Validus Re Ltd. (UK), Crusader House, 145-157 St. John Street, London, EC1V 4PW United Kingdom, and the administrative and technical contact as Hargreaves, Julian capricornius123@yahoo.co.uk, Validus Re Ltd, NON MAILING ADDRESS, 145-157 St. John Street, London, EC1V 4PW United Kingdom.  A copy of the GoDaddy WHOIS record for the underwritingriskservices.co domain name is attached as Exhibit 12.

23.     Defendants validus.co, validusre.co, validusholdings.co, validusresearch.co, validusurs.co, talbotuw.co, undriskserv.co, alphacatre.co, alphacatfund.co, ursl.co, and

underwritingriskservices.co are collectively referred to herein as the "Domain Name Defendants."

24.     Nominal Defendant GoDaddy.com, Inc. is an Arizona corporation with its principal place of business at 14455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260 and is the registrar for the Infringing Domain Names.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (trademarks).

26.     Validus believes, and has good grounds to believe, that there is no personal jurisdiction over the registrants of the Infringing Domain Names in the United States because the Registrant Defendants reside in the United Kingdom and do not conduct or engage in any business or commerce in the United States.

27.     This Court has in rem jurisdiction over the Domain Name Defendants pursuant to 15 U.S.C. § 1125(d) because: (1) the registrar of the Infringing Domain Names, GoDaddy, is present in this judicial district; (2) personal jurisdiction over the registrants of the Infringing Domain Names cannot be established in any district because the registrants are unknown or reside in the United Kingdom; and (3) Validus will effect service in accordance with 15 U.S.C. § 1125(d)(2)(D)(ii)(II) by serving copies of the summons and Verified Complaint on the postal and e-mail addresses set forth in the domain name registrations for each of the Infringing Domain Names.

28.     Venue is proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2)(A) because GoDaddy, the registrar for each of the Domain Names Defendants, is located in this judicial district.

**FACTUAL BACKGROUND**

**<u>Validus And Its Well-Known And Valuable Trademarks</u>**

29.     Validus is a publicly-traded company listed on the New York Stock Exchange that provides reinsurance and insurance coverage in the property, marine, and specialty lines markets.  Validus conducts its operations worldwide through several subsidiaries and affiliated companies, including Validus Reinsurance, Ltd. ("Validus Re"), Talbot Holdings Ltd. ("Talbot"), Underwriting Risk Services (Bermuda) Ltd., and AlphaCat Reinsurance Ltd. ("AlphaCat").

30.     Validus uses a family of well-known and highly valuable Validus names and marks, and have been using those marks in commerce in the United States continuously since prior to 2010.

31.     Validus Re, which uses the VALIDUS RE and  marks, is Validus's principal reinsurance operating subsidiary, and operates as a Bermuda-based provider of short-tail reinsurance products on a global basis.

32.     Talbot, which uses the TALBOT VALIDUS GROUP and  marks, is a subsidiary of Validus and is a specialty insurance group primarily operating within the Lloyd's of London insurance market.

33.     Validus owns a United States federal trademark for the VALIDUS RE mark, U.S. Reg. No. 3,291,897.  A copy of the U.S. Patent and Trademark Office ("USPTO") database entry for the VALIDUS RE mark is attached as Exhibit 13.

34.     Validus owns a United States federal trademark for the VALIDUS REINSURANCE mark, U.S. Reg. No. 3,538,723.  A copy of the USPTO database entry for the VALIDUS REINSURANCE mark is attached as Exhibit 14.

35.     The VALIDUS RE, VALIDUS REINSURANCE, VALIDUS TALBOT GROUP, and VALIDUS GROUP marks comprise a well-known and valuable family of Validus marks (collectively, the "Validus Marks").

36.     The Validus Marks are inherently distinctive marks.  "Validus" is a Latin adjective meaning strong, mighty, robust, or powerful, and as applied to a re-insurance company is not a descriptive or generic mark, but is arbitrary and/or fanciful as applied to the business of reinsurance.  Because of wide-spread use, the Validus Marks have become an important source-indicator for Validus's goods and services.

37.     Validus has United States common law rights in the marks TALBOT, UNDERWRITING RISK SERVICES, URSL, UNDRISKSERV and , all of which are used for the business of reinsurance and insurance services.

38.     The non-Validus marks owned and used by Validus relied on herein ("Non-Validus Marks") are distinctive, and were distinctive before January 1, 2010, in that they are inherently distinctive and/or have also acquired secondary meaning in connection with the reinsurance and insurance business of Validus.

39.     Validus owns and utilizes in connection with their businesses numerous ".com" domain names, including validusholdings.com, validusre.com, validusresearch.com, validusurs.com, talbotuw.com, undriskserv.com, alphacatre.com, alphacatfund.com and underwritingsriskservices.com, and make available at those domain names websites used in connection with the business activities of Validus. Copies of the WHOIS records for those domain name registrations are attached as Exhibit 15.

40.     Validus has not given any Defendant any license, permission, or authorization by which any of the Registrant Defendants could make any authorized use of any of the marks owned by Validus.

**The Infringing Domain Names Were Registered In
Bad Faith And With The Intent To Profit From And  Harm Validus**

41.     Beginning on or about July 22, 2010, one or more of the Registrant Defendants, either in their own names or anonymously, began registering the Infringing Domain Names.  The first three domain names registered, validus.co, validusre.co, and talbotuw.co, directly incorporate the marks adopted and used by Validus.

42.     The first of these domain names was registered only two days after the ".co" top level domain name became available worldwide.  The ".co" top level domain name, which omits the "m" from the widely used ".com" top level domain name, is being made available worldwide by .CO Internet S.A.S., located in Bogotá, Colombia.

43.     A person who is seeking to connect to a website accessible through a .com top level domain name or a person with an email address ending in .com can, if he or she mistypes ".com" and types ".co" only, be misdirected or have the email misdirected to the ".co" counterpart.

44.     To try to capitalize on such mistakes, between July and September 2010, one or more Registrant Defendants continued to register additional .co domain names incorporating marks used by Validus, including validusholdings.co, validusresearch.co, validusurs.co,    undriskserv.co,    alphacatre.co,    alphacatfund.co,    ursl.co    and underwritingriskservices.co.

**Kiana Attempts To Extort More Than
£1,100,000 From Validus For The Infringing Domain Names**

45.     Prior to 2010, Talbot Validus Group engaged the services of Kiana through a third-party recruiting agency to provide account services.

46.     Talbot terminated its relationship with Kiana effective October 1, 2010 due to, in Kiana's words, "the domain name Fiasco," i.e. Validus's discovery that Kiana had

registered domain names containing the VALIDUS mark without Validus's knowledge or approval.  (See Exhibit 16.)

47.     A Talbot employee informed Kiana that Talbot would "pay £20 for each of the 12 domain names (total £240)."  (Id.)

48.     In an email dated September 14, 2010, Kiana attempted to extort more than £1,100,000 from Validus in exchange for the transfer of the 12 domain names.  A copy of the September 14 email is attached as Exhibit 17.  Kiana stated:

> Please find attached an invoice for the procurement of all 12 domain names, you will naturally appreciate I have conducted market research into the valuations and this is reflected in the attached invoice and more importantly I feel this is a fair reflection.
>
> Furthermore, Validus Holdings is listed with New York Stock Exchange (NYSE) this attracts a premium over the rest of the domains.  Talbotuw, Validure, undriskserv, validusurs and validusresearch domain names are actual trading names and also command a slight premium.
>
> Alphacatre, Alphacatfund and URSL are equally important, however these are valued at lot less then the other mentioned domains.

(Id.)    Kiana attached an invoice to that email, demanding payment in excess of £1,100,000.  (Id.)

49.     Kiana continued his cyber extortion efforts in an email dated October 29, 2010, in which he characterized his demands for £1,100,000 as "a small sum in comparison to the costs of a lengthy and embarrassing court case would cost the company to obtain the websites from a third party."   A copy of the October 29, 2010 email is attached as Exhibit 18.

50.     On November 11, 2010, Validus rejected Kiana's extortionate demand. A copy of the November 11, 2010 email is included in Exhibit 18.

**Kiana's Incorporation Of Validus Re Ltd.**

51.    On or about October 28, 2010, Kiana created a U.K. corporation, Validus Re Ltd., that fully incorporates the VALIDUS RE mark in its name.  (See Exhibit 1.)

52.    The sole corporate director of Validus Re Ltd. is Defendant Kiana.  (See id. at page 2.)

53.    The sole shareholder of Validus Re Ltd., owning only one share of stock, is Kiana's wife, Kate Orchard.  (See id. at 4.)

54.    Upon information and belief, Defendant Validus Re Ltd. is a shell company that is not operating any business and its sole activity is to serve as the owner of Infringing Domain Names.  Validus Re Ltd. cannot receive mail at the address identified on the incorporation documents.

**Kiana's Wrongful Use Of The Infringing Domain Names To
Intercept Validus's Confidential Information And Disrupt Validus's Business**

55.    On September 29, 2011, Kiana emailed a Validus employee, threatening that "[s]ince I have set up [] validusre.co 'catchall emails addresses' I have been inundated with emails relating to your organisation . . . . I'm forwarding this one to you for free, any future emails intended for your organisation that comes to any of my email addresses will be deleted, no matter how important they maybe [sic].  Especially relating to Transatlantic Re, I must say that was a very interesting read!"  In addition, Kiana remarked:  "As I have always stated it is very easy for your clients to incorrectly type .co rather than .com."  A copy of the September 29, 2011 email, redacted to protect confidential financial and proprietary information, is attached as Exhibit 19.

56.    On October 12, 2011, Kiana sent another email to said Validus employee and copied approximately 30 employees of Validus companies.  In this email, Kiana again stated that he was in possession of misdirected confidential emails intended for Validus,

and forwarded on such email that had as an attachment confidential financial documents that contain confidential bank account and routing numbers.   A copy of the October 12, 2011 email is attached as Exhibit 20.

57.     Kiana stated:   "As previously mentioned I have been getting emails relating to your organisation, <u>some are very confidential</u> to my Validusre.co, Validusholdings.co, Talbotuw.co, undriskserv.co and many others."   (<u>See id.</u> (emphasis added).)

58.     In that October 12, 2011 email, Kiana included a summary of more than two dozen emails intended for Validus that had been misdirected and erroneously received by Kiana at one or more of the Infringing Domain Names:

```
Validusholdings              - 7  (Status - deleted)
Validusre - Bermuda   - 4  (Status - deleted)
Validusre - Singapore - 2  (Status - deleted)
Talbotuw                       - 2  (Status - deleted)
Undriskserv                   - 11 (Status - deleted)
alphacatre                      - 0
alphacatfund                  - 0
validusresearch              - 1  (Status - deleted)
talbotriskserv          - 0
validusurs.co           - 0
ursl                                    - 0
```

(<u>Id.</u>)

59.     In the October 12, 2011 email, Kiana continued his cyber extortion threats with the following statement:   "I will not be forwarding any emails relating to Bermuda, London, Singapore, Dubai or New York to you, however emails relating to Miami I will forward these onto Miami office as they had been good to me whilst working for Talbot in the past."   (<u>See id.</u>)

60.     Kiana concluded his October 12, 2011 email with a final threat:   "I have repeatedly warned you of the risks associated with these domain names in my possession, whilst I worked for Talbot Underwriters in London . . . .   You reap what you sow!"   (<u>Id.</u>)

**The Websites Made Available At The Infringing
Domain Names Featured Adult-Oriented Content Or
Other Placeholder Content Unrelated To A Bona Fide Business**

61.     On or about September 28, 2011, Kiana met with an employee of Talbot and represented that he owned several of the Infringing Domain Names and had turned at least one website into something that Validus "would not want to be associated with."

62.     Upon investigation, the website made available at the validusre.co domain name was, until recently, a website solely concerned with penile enlargement.  A review of the website showed that it did not offer any products and services for sale, and did not feature functionality that allowed consumers to order products and services.  A printout of the penile enlargement website is in Exhibit 21.

63.     On or about October 13, 2011, the validusre.co website was changed to a rudimentary website that purports to provide information on kidney disease.  A printout of the validusre.co website as of October 13, 2011 is in Exhibit 22.  Upon information and belief, this website does not provide information on chronic kidney disease in good faith, but instead was posted by the Registrant Defendants in an effort to cover up their bad faith registration and use of the validusre.co domain name.

64.      The Registrant Defendants also recently added functional click-thru advertisements to the website made available at the validusre.co domain name using the online advertising service DoubleClick.

65.     The websites made available at the validus.co and validusresearch.co domain names display the identical website offering penile enlargement products that was, until October 13, 2011, made available at the validusre.co domain name.  Printouts of the validus.co and validusresearch.co websites as of October 13, 2011 are in Exhibit 23.

66.     The website made available at the ursl.co domain name displays the same website purporting to provide information on chronic kidney disease that is currently made available at the validusre.co domain name.  The Registrant Defendants also added functional click-thru advertisements to the website made available at the ursl.co domain name using the online advertising service DoubleClick.  A printout of the ursl.co website as of October 17, 2011 is in Exhibit 24.

67.     The website made available at the alphacatre.co domain name includes a photograph of a cat and text concerning cats.  The website contains the following disclaimer:  "We have no affiliation with any other Validus companies in USA, Europe, Asia or any other territory.  This website is protected by 'Validus Re Ltd' company registered in the United Kingdom.  Please be advised this website is not for sale."  A printout of the alphacatre.co website as of October 13, 2011 is in Exhibit 25.  On information and belief, the Registrant Defendants are using this disclaimer to try to cover up their cybersquatting conduct.

68.     No websites are currently made available at the validusurs.co, validusholdings.co, talbotuw.co, undriskserv.co, alphacatfund.co, or underwritingriskservices.co domain names.  Printouts of the place-holder websites for these five domain names are in Exhibit 26.

69.     Each of the Infringing Domain Names either incorporates some or all of the Validus Marks or the other marks owned by Validus or, when the ".co" is replaced with a ".com," redirects to a domain name owned by Validus or its affiliates.  With respect to the talbotuw.co, undriskserv.co, alphacatre.co, alphacatfund.co and underwritingriskservices.co domain names, if the ".co" is replaced with a ".com," the websites made available at those ".com" domain names automatically redirect to Validus's validusholdings.com website.

**Kiana's Cybersquatting Conduct**
**Related To Other Well-Known Companies**

70.     Upon information and belief, Kiana is warehousing additional domain names associated with Kiana's prior employers and/or other major companies.

71.     One or more of the Registrant Defendants have registered the domain names everestre.co and exchanging.co.  Copies of the WHOIS registrations for those domain names are attached as Exhibit 27.  Based on a review of Kiana's resume, Kiana was previously employed by the companies Xchanging and Everest Reinsurance.  A copy of Kiana's resume is attached as Exhibit 28.

72.     One or more of the Registrant Defendants registered the domain name tysers.co.  A copy of the WHOIS database printout evidencing such domain name registration is attached as Exhibit 29.  If the ".co" is changed to a ".com," the website made available at the tysers.com domain is owned by the international insurance company Tysers.

73.     Additional domain names registered by the Registrant Defendants appear to be associated with the following entities:  The Benfield Group LLC (healthcare), AXA Equitable (financial services), Lockton, Inc. (insurance) and Markel International (insurance).  A table summarizing these domain name registrations is attached as Exhibit 30.

**Validus Is Suffering Irreparable Harm**

74.     Validus is suffering immediate irreparable harm due to the wrongful conduct described herein.

75.     Due to these actions, confidential and proprietary business emails intended for Validus and its affiliated companies have been intercepted by the Registrant Defendants, who have used their possession of said emails as a means of trying to extort a windfall payment from Validus.

**FIRST CLAIM FOR RELIEF**
**CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)**
(against the Domain Name Defendants)

76.     Validus repeats and realleges all of the allegations set forth in paragraphs 1–75 as if fully set forth herein.

77.     Validus had valid trademark rights in the Validus Marks and the Non-Validus Marks and owned said marks at the time the Infringing Domain Names were registered.

78.     Each Infringing Domain Name is confusingly similar to at least one Validus Mark or Non-Validus Mark.

79.     The Validus Marks and the Non-Validus Marks were distinctive at the time of Registrant Defendants' registration of the Infringing Domain Names.

80.     The Infringing Domain Names were registered with a bad faith intent to profit from the Validus Marks and the Non-Validus Marks, all of which the Registrant Defendants were aware of when the Infringing Domain Names were registered.

81.     Upon information and belief, the Infringing Domain Names are not being used in connection with any bona fide noncommercial or fair use of the Validus Marks or the Non-Validus Marks.

82.     The registrar of the Infringing Domain Names, GoDaddy, is present in this judicial district.

83.     Validus believes, and has good grounds to believe, and on that basis alleges, that personal jurisdiction over the registrants of the Infringing Domain Names cannot be established in any district in the United States because the registrants are unknown or reside in the United Kingdom.

84.     Validus   will   effect   service   in   accordance   with   15   U.S.C. § 1125(d)(2)(D)(ii)(II) by sending notices to the postal and e-mail addresses set forth in the domain name registrations for the Infringing Domain Names.

85.     Validus has suffered damages and is suffering immediate irreparable harm as a result of the registration and use of the Infringing Domain Names.

86.     As a result of the Domain Name Defendants' acts alleged herein, Validus's remedy at law is not adequate to compensate it for the injuries inflicted and is accordingly entitled to a temporary restraining order and preliminary and permanent injunctive relief.

87.     Validus is entitled to the transfer to it of the Infringing Domain Names.

## SECOND CLAIM FOR RELIEF
## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)
(against the Registrant Defendants)

88.     Validus repeats and realleges all of the allegations set forth in paragraphs 1–87 as if fully set forth herein, and asserts this claim as an alternative to the in rem claim set forth in the First Claim For Relief.

89.     Validus has valid trademark rights in the Validus Marks and the Non-Validus Marks and owned said marks at the time the Infringing Domain Names were registered.

90.     The Registrant Defendants were aware of the Validus Marks and the Non-Validus Marks at the time the Infringing Domain Names were registered.

91.     The Registrant Defendants have no trademark or other intellectual property rights in the Validus Marks or the Non-Validus Marks.   Validus has not given the

Registrant Defendants any license, permission or authorization by which they could make any use of the Validus Marks or the Non-Validus Marks.

92.    Each Infringing Domain Name is confusingly similar to at least one Validus Mark or Non-Validus Mark.

93.    The Validus Marks and the Non-Validus Marks were distinctive at the time of Registrant Defendants' registration of the Infringing Domain Names.

94.    The Registrant Defendants registered the Infringing Domain Names with a bad faith intent to profit from the Validus Marks and the Non-Validus Marks.

95.    The Registrant Defendants' attempt to sell several of the Infringing Domain Names to Validus for £1,100,000 is conclusive evidence of bad faith.

96.    Upon information and belief, the Registrant Defendants are not using the Infringing Domain Names in connection with any bona fide noncommercial or fair use of the Validus Marks or the Non-Validus Marks.

97.    Validus has suffered damages and is suffering immediate irreparable injury as a result of the actions of the Registrant Defendants.

98.    As a result of the Registrant Defendants' acts alleged herein, Validus's remedy at law is not adequate to compensate it for the injuries inflicted and is accordingly entitled to a temporary restraining order and preliminary and permanent injunctive relief.

99.    As a result of the Registrant Defendants' acts alleged herein, Validus is entitled to recover, at its election, statutory damages pursuant to 15 U.S.C. § 1117 in an amount of up to one hundred thousand dollars ($100,000.00) for each domain name found to constitute cybersquatting.

100.    This is an exceptional case making Validus eligible for an award of attorneys' fees and expenses pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**
(against the Registrant Defendants)

101.    Validus repeats and realleges all of the allegations set forth in paragraphs 1–100 as if fully set forth herein, and asserts this claim as an alternative to the in rem claim set forth in the First Claim For Relief.

102.    Validus owns several federal trademark registrations covering Validus Marks.

103.    The Registrant Defendants' bad-faith registration, use and operation of several of the Infringing Domain Names is likely to cause confusion, mistake or deception as to the source of the Registrant Defendants' services, and thereby constitutes trademark infringement in violation of the Lanham Act.

104.    The Registrant Defendants' conduct has caused, and unless enjoined, will continue to cause damaged and irreparable injury for which there is no adequate remedy at law.

105.    The Registrant Defendants' conduct complained of herein was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Validus respectfully requests judgment in rem against the Domain Name Defendants as follows:

A.    Entering a temporary restraining order and preliminary injunction ordering that GoDaddy, the registrar of the Infringing Domain Names, be directed to prevent the transfer of and otherwise lock down the Infringing Domain Names during the pendency of this action;

B.    Entering a temporary restraining order and preliminary injunction ordering that GoDaddy, the registrar of the Infringing Domain Names, be directed to immediately

disable the Registrant Defendants' and the Domain Name Defendants' use of the Infringing Domain Names;

C.      Ordering that GoDaddy, the registrar of the Infringing Domain Names, transfer to Validus the registrations of the Infringing Domain Names; and

D.      Ordering that Validus be awarded such other and further relief as the Court deems just and proper.

WHEREFORE, Validus respectfully requests judgment against the Registrant Defendants as follows, if the Registrant Defendants submit to, or is found to be subject to, personal jurisdiction of this Court:

A.      Ordering that the registrations of the Infringing Domain Names be transferred to Validus;

B.      Ordering that the Registrant Defendants be temporarily restrained from, and preliminarily and permanently enjoined from using the Validus Marks and the Non-Validus Marks;

C.      Ordering that the Registrant Defendants be required to pay Validus damages in an amount to be determined at trial, including enhanced damages;

D.      Awarding Validus its attorneys' fees and expenses incurred in prosecuting this action; and

E.      Ordering that Validus be awarded such other and further relief as the Court deems just and proper.

Dated:  October 18, 2011

**PERKINS COIE LLP**

By: _/s/  Howard Ross Cabot_

Howard Ross Cabot
Rusty D. Crandell
2901 North Central Avenue, Suite 2000
Post Office Box 400
Phoenix, Arizona  85001-0400
(602) 351-8000
HCabot@perkinscoie.com
RCrandell@perkinscoie.com

*Attorneys for Plaintiff*
*Validus Holdings, Ltd.*

*Of Counsel:*

Kenneth A. Plevan
Christopher G. Clark
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
kenneth.plevan@skadden.com
christopher.clark@skadden.com

1

**VERIFICATION**

2      Robert Kuzloski, under penalty of perjury under the laws of the United States of

3 America, states that he is the Executive Vice President, Chief Corporate Legal Officer of

4 Validus Holdings, Ltd., the named party plaintiff in the foregoing Verified Complaint;

5 that he has read the Verified Complaint; and that the allegations contained therein are true

6 and correct to the best of his knowledge, information, and belief.

7      Executed in Pembroke, Bermuda on October 18, 2011.

8

9                                                         _____

                                                          Robert Kuzloski

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26