```
                    FILED      LODGED
                    RECEIVED   COPY

                       NOV 09 2011

                    CLERK U S DISTRICT COURT
                     DISTRICT OF ARIZONA
                    BY                 DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Validus Holdings, Ltd.,<br><br>                Plaintiff,<br><br>     v.<br><br>Musa Kiana; Validus Re Ltd.; Julian Hargreaves.<br>51 Baker Street<br>Chelmsford<br>Essex<br>CM2 0SA<br>United Kingdom<br><br>                Defendants,<br><br>and<br><br>GoDaddy.com, Inc.,<br>                Nominal Defendant. | No. 2:11-cv-02030-SRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE.**<br><br>Date: November 22, 2011<br><br>Time: 9.30 am<br><br>Judge: Susan R. Bolton |

TO PLAINTIFF VALIDUS HOLDINGS LTD. AND ITS ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on November 22, 2011 at 9:30am in the Courtroom of the Honorable Susan R. Bolton of the above referenced court, 401 West Washington Street, Phoenix, Arizona 85003, Defendant's Musa Kiana; Validus Re Ltd, Julian Hargreaves will move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(1a) on the grounds that the court lacks personal jurisdiction and that venue is improper.

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................. 6

II. FACTUAL BACKGROUND................................................................. 7

   A. Musa Kiana ..................................................................................... 7

   B. Validus Holdings and its allegations regarding infringement by Kiana, Validus Re Ltd., Hargreaves......................................................... 7

III. DISCUSSION ...................................................................................... 7

A. Kiana's is not subject to personal jurisdiction ...................................... 7

    1. The Court lacks general jurisdiction because Kiana's contacts. 8

    2. The Court lacks specific jurisdiction because Kiana has not purposefully directed activity to Arizona, and because the exercise of jurisdiction would be unreasonable...................................................... 8

       a) Kiana has not purposefully directed activity to the state of Arizona. ............................................................................................... 9

          1. Kiana did not commit an intentional act "expressly aimed" at Arizona. ................................................................................ 9

          2. Kiana did not knowingly cause Validus Holdings to suffer harm in Arizona............................................................................. 9

       b) Validus Holdings claims do not arise out of any forum-related activities of Kiana.......................................................................... 10

       c) The exercise of jurisdiction over Kiana is not reasonable........................................................................................ 10

B. Venue is not proper in this judicial district under 28 U.S.C. § 1400(a).................................................................................................. 11

C. The Court should exercise its discretion to transfer this lawsuit ........... 12

   1. Validus Holdings choice of forum is entitled to less deference.............. 12

   2. The convenience of the witnesses and the parties favors a transfer........................................................................................................ 12

   3. The ease of access to evidence favors a transfer. ................................... 13

   4. The absence of local interest in the controversy favors a transfer........................................................................................................ 13

IV. CONCLUSION............................................................................................. 14

**TABLE OF AUTHORITIES**

**Cases**

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525 (S.D.N.Y. 2004)

*Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784 (9th Cir. 1977)

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000)

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)

*Brackett v. Hilton Hotels Corp.*, Civ. No. 08-02100 WHA, 2008 U.S. Dist. LEXIS 88143 (N.D. Cal. June 30, 2008)

*Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135 (N.D. Cal. 2007)

*Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004)

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997)

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993)

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)

13, 18   13, 14   11, 15   15, 18   16, 17   13, 17

*E & J Gallo Winery v. F. & P. S.P.A.*, 899 F. Supp. 465 (N.D. Cal. 1994)

*Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998)

*Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114 (9th Cir. 2002)

*Goldberg v. Cameron*, 482 F. Supp. 2d 1136 (N.D. Cal. 2007)

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992)

*Hudye Soil Services, Inc. v. Tyler*, 46 F. Supp. 2d 1157 (D. Kan.

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001)

1 *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596 (1923)

2 *Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007)

3 *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073 (C.D. Cal. 2003)

4 *Milwaukee Concrete Studios, Ltd. v. Fjeld Manuf. Co.*, 8 F.3d 441 (7th Cir. 1993)

5 *Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1998)

6
7 *Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, No. 4:04-CV-1625 CAS, 2005 U.S. Dist. LEXIS 32267 (E.D. Mo. Jun. 28, 2005)

8 *Wells' Dairy Inc. v. Estate of Richardson*, 89 F. Supp. 2d 1042 (N.D. Iowa 2000)

9 *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antise-mitisme*, 433 F.3d 1199 (9th Cir. 2006)

10

11 **Statutes**
12

13 28 U.S.C. § 1400(a)

14 CIV. PROC. § 410.10

15
16
17
18
19
20
21
22
23
24
25
26

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

## I. INTRODUCTION

Defendant Musa Kiana ("Kiana") respectfully requests the Court to dismiss this lawsuit on the basis of lack of personal jurisdiction and improper venue. Neither Kiana nor Plaintiff Validus Holdings, Inc. ("Validus") resides in the State of Arizona or in this judicial district. Kiana is a Director located in Chelmsford, Essex, United Kingdom. Validus is a Bermudian offshore corporation having its principal place of business in Hamilton, Bermuda. Furthermore, Kiana has not:

- Owned or leased real or personal property in the State of Arizona;

- Owed or been required to pay taxes in the State of Arizona;

- Maintained an office in the State of Arizona;

- Maintained a registered agent for service in the State of Arizona;

- Had employees in the State of Arizona;

- Conducted print, radio, television, or any other advertising that was directed to Arizona residents; or

- Conducted promotions or sponsored events in the State of Arizona.

The sole contacts purportedly supporting personal jurisdiction and venue are Defendant's Registrant's Godday.com. Godaddy.com are not Defendants agents, rather a corporation that provide a facility to purchase Internet Domain Names. Mr. Kiana has not directed his business activities to the State of Arizona, could not have reasonably anticipated being haled into court here, and therefore this court lacks personal jurisdiction over Kiana and the Defendants. Venue is similarly improper because Kiana has even less of a connection to this judicial district. Under the statute-governing venue in copyright actions, 28 U.S.C. § 1400(a), venue lies only "in the district in which the defendant or his agent resides or may be found." Neither of those conditions is met.

Because personal jurisdiction and venue are improper, Validus's Complaint should be dismissed. However, if the Court finds that personal jurisdiction and venue are proper, the convenience of the parties and witnesses, the disparity of means between the parties, and concerns of efficiency warrant a transfer of the action to the United Kingdom where Plaintiff's and Defendants Internet Domain Names are all registered under.

## II. FACTUAL BACKGROUND

### A. Musa Kiana

Musa Kiana is a resident of Chelmsford, Essex United Kingdom. He is a Limited Liability Director doing business under trading name Validus Re Ltd. Kiana makes less then USD $500 a year in revenue through online website click-through operated by Google's Ad program. Musa Kiana is also a professional consultant to the Reinsurance sector specializing in the implementation of new processes and resolving legacy backlog issues.

Kiana does not have any employees, either in the State of Arizona or elsewhere. He does not have an office outside the United Kingdom. He does not advertise in magazines, newspapers or through television or radio. He does not conduct events or sponsor promotions. Kiana has not owned or leased any real or personal property in Arizona, nor has he ever owed or been required to pay taxes in Arizona. Kiana has never maintained a registered agent for service in the State of Arizona. In fact Kiana and Defendants has never set foot in state of Arizona.

On October 18, 2011, Validus filed the instant Verified Complaint against Musa Kiana, Validus Re Ltd., Julian Hargreaves and Does 1-104, alleging claims for: (1) cyber extortion; and (2) infringement of Trademark (3) interception of Plaintiff's emails.

Validus describes itself as a corporation "organized and existing under the laws of Bermuda, having its principal place of business in Hamilton, Bermuda." (Complaint, ¶ 7.) It further describes itself as "a company registered with the New York Stock Exchange" providing reinsurance and insurance coverage. (Complaint, ¶ 29.)

Validus claims that this Court has jurisdiction pursuant to 15 U.S.C. § 1125(d), and that venue is proper pursuant to 15 U.S.C. § 1125(d), (Complaint, ¶ 25,27.) While Validus has not expressly stated in its Complaint what acts support jurisdiction and venue, the only allegation that arguably supports these claims is that Kiana, through his use of the Godaddy website, "has done business in and continues to do business in Arizona by the purchasing of the .co Internet Domain Names in the State of Arizona, among other places." (Complaint, ¶ 28.)

Validus claims the location of Defendants unknown, hence filing a complaint in state of Arizona, the Verified Complaint clearly shows Defendants full addresses (Complaint, ¶ 8,9.)

## III. DISCUSSION

### A. Kiana is not subject to personal jurisdiction in the state of Arizona

In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Here, Validus cannot "simply rest on the bare allegations of its complaint,"

but rather must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Intern.*, 551 F.2d 784, 787 (9th Cir. 1977).

When no federal statute specifically confers personal jurisdiction, the district court applies the law of the forum state. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). California's long-arm statute permits California courts to exercise jurisdiction on any basis consistent with the Constitutions of California and the United States, i.e., to the limits of due process. CAL. CODE. CIV. PROC. § 410.10; *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 n. 2 (9th Cir. 1998). A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if he or she has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotations omitted). There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant – general jurisdiction and personal jurisdiction. For the reasons stated below, Kiana is subject to neither.

  *1. The Court lacks general jurisdiction because Kiana's contacts with Arizona do not "approximate physical presence".*

General jurisdiction exists where the business contacts with the forum state are so substantial, continuous and systematic that they "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The types of contacts with a forum state determined by courts to confirm general jurisdiction include, ownership of property, the maintenance of bank accounts, having employees, soliciting business, or having a designated agent in the state. *See Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114, 1124-25 (9th Cir. 2002). Conversely, "engaging in commerce with registrant of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

Kiana's contacts with Arizona do not approximate those necessary to confer general jurisdiction. Like the defendant in *Glencore Grain,* who the court found lacked the necessary contacts to support general jurisdiction, Kiana does not own property, maintain bank accounts, have employees, solicit business, or have a designated agent in the state of Arizona. The only contacts that the defendant in *Glencore Grain* had with California were the employment of an independent sales agent to distribute the defendants' products, and fifteen shipments into San Francisco. Here, Kiana have no more contacts than the defendant in *Glencore Grain*. Any contacts in this case are the result of isolated and fortuitous purchases made from Godaddy.com, the location of these purchases are entirely out of Kiana control. As in *Glencore Grain,* general jurisdiction is improper.

  *2. The Court lacks specific jurisdiction because Kiana has not purposefully directed activity to Arizona, and because the exercise of jurisdiction would be unreasonable.*

Courts in the Ninth Circuit use a three part test to determine whether specific jurisdiction exists:

(i) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (iii) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Boshcetto v. Hansing*, 539 F.3d at 1016. None of the three requirements has been met here.

*a. Kiana has not purposefully directed activity to the state of Arizona.*

For claims sounding in tort, the purposeful direction or availment requirement for specific jurisdiction is analyzed under the "effects" test derived from *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *see also Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007) (holding that where the "cause of action arises primarily in tort . . . *Calder's* 'effects' test is the proper framework"); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antise-mitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (". . . in tort cases, we typically inquire whether a defendant purposely directs his activities at the forum state, applying an 'effects test' . . ."). A claim for copyright infringement sounds in tort. *Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1140 (N.D. Cal. 2007). *Calder's* effects test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Menken*, 503 F.3d at 1058. While Validus has alleged that Kiana committed an intentional act, the remaining requirements of *Calder's* effects test are lacking.

(1) Kiana did not commit an intentional act "expressly aimed" at Arizona.

The second prong of the *Calder* test, the requirement of "express aiming," is satisfied where the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. *Calder*, 465 U.S. at 789. "Subsequent cases from [the Ninth] circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct *individually targeting a known forum resident.*" *Bancroft & Masters, Inc.*, 223 F.3d at 1087 (emphasis added) (citing numerous cases using the "individual targeting" standard). Here, Kiana is alleged to have harmed Validus, which not a forum resident. There is no allegation that Kiana committed any acts expressly aimed at the State of Arizona. Therefore, this prong of the test fails.

(2) Kiana did not knowingly cause validus to suffer harm in Arizona.

Even if the "express aiming" requirement were satisfied, Validus has suffered no harm in Arizona. In the copyright context, courts have rejected the notion that the situs of "damage to intellectual property is determinative of where the alleged infringer is subject to personal jurisdiction." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1146 (N.D. Cal. 2007). Rather, courts find this prong satisfied where the plaintiff resides in the forum state and can argue that the injury

is caused in the forum state. *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 Supp. 2d 1073, 1090 (C.D. Cal. 2003) ("Plaintiffs have alleged that [defendant] intentionally . . . contributed to the infringement of Plaintiff's Trademarks, and that it did so with full knowledge that much of the harm . . . would be suffered in Arizona."); *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds* by *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 118 S.Ct. 1279 140 L.Ed.2d 438 (1998) (finding jurisdiction appropriate where defendant "infringed copyrights owned by [plaintiff], which, as [defendant] knew, had its principal place of business in the Central District"). In all of these cases, the common thread is that the defendant is alleged to have infringed on copyrighted trademarks of a plaintiff who "defendant knew . . . had its principal place of business in the forum." *Columbia Pictures*, 106 F.3d at 289. This critical element is lacking here. Plaintiff – by its own admission – does not have its principal place of business in Arizona. Therefore, it could not have suffered any harm here; nor could Kiana have foreseen that Validus would suffer any such harm here.

### b. *Validus's claims do not arise out of any forum-related activities of Kiana.*

As discussed above, Kiana has not engaged in the type of forum-related activities upon which jurisdiction can be conferred. Those types of activities consist of acts towards a forum resident that Kiana would have known would cause harm in Arizona. Such activities do not exist in this case, given that Validus Holdings is a Bermuda corporation.

### c. *The exercise of jurisdiction over Kiana is not reasonable.*

The third part of the personal jurisdiction analysis examines whether the exercise of the jurisdiction would be reasonable. Courts consider seven factors when making this determination: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's country; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiffs interest in convenient and effective relief; and (7) the existence of an alternative forum. *CE Distrib., LLC.*, 380 F.3d at 1112. These factors weigh in favor of Kiana.

The first factor has been discussed in detail above. Kiana's only contact with Arizona involved placing an order to purchase Internet Domain Names in Arizona. Kiana does not purposely direct sales towards Arizona. Further, Kiana does not live in Arizona, does not operate an Arizona business, does not have Arizona based employees, does not have a registered agent in the state, and does not advertise in the state. Kiana, then, can hardly be said to "purposefully interject" into Arizona's affairs – any of his contacts with Arizona were fortuitous.

Regarding the second factor, the burden on Kiana of defending in Arizona is substantial. Kiana operates a small business as a Limited Company Director. Kiana has no employees, and runs the entire business himself. Defending in Arizona would require Kiana to travel from United Kingdom to the United States of America, an expensive and time- consuming proposition given that Validus Re Ltd UK is the only entity that owns the .co Internet Domain Names and Kiana

being a Director. This factor favors Kiana.

The third factor both United Kingdom and United States of America are sovereign nations having very different judicial systems.

Regarding factor four, Validus (the plaintiff) is not an Arizona corporation, and it does not have its principal place of business in Arizona. Therefore, Arizona has little to no interest in protecting Validus, a foreign corporation. If anything, Arizona would have an interest in not hearing a dispute, which has no local impact between two non-residents. This factor favors Kiana as well.

The fifth factor concerns the efficiency of the forum. "In evaluating this factor, [courts look] primarily at where the witnesses and the evidence are likely to be located." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). In this case, Arizona is not the forum able to provide the most efficient resolution to the controversy. Neither Kiana nor Validus are Arizona residents. Kiana and employees of Validus are the most likely and important witnesses, and the relevant evidence will most likely be found in United Kingdom. Kiana will be self representing himself. While Validus counsel is in New York and Attorneys in Phoenix, Arizona, this fact is clearly outweighed by the above. Thus, this factor tilts in Kiana's favor.

The convenience and effectiveness of relief for the plaintiff comprise the sixth factor. "[I]n this circuit, the plaintiff's convenience is not of paramount importance." *Dole Food Co.*, 303 F.3d at 1116. While it may be more convenient for Validus to have this dispute adjudicated in Arizona, , it is hard to see how resolution of the case in Arizona would be any more effective than in United Kingdom. Given the weight accorded this factor by Ninth Circuit courts, it is largely without import.

The seventh and final factor is the availability of an alternate forum. Validus bears the burden of proving the unavailability of an alternative forum. *Core-Vent Corp.*, 11 F.3d at 1490. Validus cannot meet its burden in this regard. It cannot be disputed that, because Kiana resides in United Kingdom, the United Kingdom London High Court provides an alternative forum for this dispute. Weighing all of these seven considerations, the balance of factors clearly favors Kiana.

As demonstrated above, this court can assert neither general nor specific personal jurisdiction over Kiana. However, even assuming personal jurisdiction is appropriate in the State of Arizona, venue is not proper.

**B. Venue is not proper in this judicial district under 28 U.S.C. § 1400(a)**

As set forth in Section A, above, Kiana lacks contacts with the State of Arizona of the type and sufficiency with which to warrant the assertion of either general or specific personal jurisdiction over him. For jurisdictional (and in this case venue) purposes, his purposeful contacts with the Central District of Arizona are even less than with the state as a whole. Kiana has not directed any relevant actions to the Central District of Arizona. Kiana does not have any offices or employees there. His contacts with the Central District of Arizona are even more attenuated, and the assertion of personal jurisdiction over him (assuming the Central District was a separate state)

would be even more unreasonable. Accordingly, venue is not proper in this judicial district.

**C. The Court should exercise its discretion to transfer this lawsuit**

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferee district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Because Kiana resides in the United Kingdom, there is no dispute that venue is proper there and the action could have been brought there. The relevant focus therefore is on the third factor.

In determining the convenience of the parties and witnesses and the interests of justice, a court may consider a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Id*. Factors five (familiarity with the issue), six (consolidation with other claims), and eight (relative congestion) do not appear to weigh in either direction. Accordingly, Kiana focuses on the remaining factors.

1. Validus's choice of forum is entitled to less deference. Typically a plaintiff's choice of forum is entitled to deference. However, less deference is given where the plaintiff has not chosen its home forum – *i.e.*, where the lawsuit involves a non-resident plaintiff. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). Here, Kiana is not an Arizona resident. Indeed, it appears to have no connection whatsoever to this forum. Accordingly, Validus as plaintiff is not entitled to the same degree of deference as it typically would be.

2. The convenience of the witnesses and the parties favors a transfer.

The convenience of the witnesses and the parties favors a transfer. Kiana (the principal witness on the defense side and one of the parties) puts forth evidence that it would significantly inconvenience him to travel to this forum to testify and participate in defense of this lawsuit. Given that plaintiff has no countervailing interest in prosecuting this lawsuit in this forum, this factor favors a transfer. Validus may argue that it is more convenient for it to prosecute this action in this district since its counsel is located here, but convenience of counsel is not a consideration in determining whether to transfer an action. *See E & J Gallo Winery v. F. & P. S.P.A.*, 899 F. Supp. 465, 466 (N.D. Cal. 1994).

3. The ease of access to evidence favors a transfer.

The ease of access to evidence favors a transfer. Courts do not weigh this factor heavily, given the modern conveniences that have resulted in the easy transfer of documents across jurisdictions. Nevertheless, in copyright cases, given that "the bulk of evidence usually comes from the accused infringer," this factor typically weighs in favor of a transfer to the district where the alleged

infringer is located. *See AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004). 4. The absence of local interest in the controversy favors a transfer.

The local interest factor also favors a transfer. In this case, the Central District of Arizona has no local interest in the controversy. As set forth above, Validus is not located in this state. Accordingly, the typical local interest – of ensuring that the laws are enforced to protect local residents – is not present here. If anything, the local interest counsels against hearing a dispute between two non- resident parties which will have little if any effect on local affairs. Accordingly, this factor strongly weight in favor of a transfer.

Finally, courts consider the "disparity of means" between the parties when making a determination of venue. *See Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, No. 4:04-CV-1625 CAS, 2005 U.S. Dist. LEXIS 32267, at *23 (E.D. Mo. Jun. 28, 2005); *AEC One Stop Group, Inc*, 326 F. Supp. 2d at 531; *Wells' Dairy Inc. v. Estate of Richardson*, 89 F. Supp. 2d 1042, 1056 (N.D. Iowa 2000). When both parties are corporations, this factor is given little weight. *AEC One Stop Group, Inc.*, 326 F. Supp. 2d at 531. However, in the instant case, Kiana is a sole Director of a small business with no employees, while Validus is a multi-billion dollar corporation – "a global leader specializing in providing Reinsurance and Insurance. (Complaint, ¶ 29.) A clear disparity of means exists between Kiana and Validus.

Weighing all relevant factors, the Central District of Arizona is not the proper venue for this action. Kiana respectfully submits that the action should be transferred to London High Court, United Kingdom, which is the proper venue.

## IV. CONCLUSION

As set forth above, Kiana has not purposefully directed his actions to the State of Arizona. Accordingly, he is not subject to personal jurisdiction in this state. Stray purchasing of allegedly infringing Internet Domain Names via Godaddy.com is insufficient to subject him to jurisdiction here. These contacts have not caused any harm to the State of Arizona or its residents. Even assuming Kiana is subject to jurisdiction, venue is improper in this judicial district. Under the venue rules applicable to copyright or trademark claims, venue is proper only in the "district where [a] defendant . . . resides or may be found." Kiana does not reside in this judicial district and may not "be found" here for purposes of the venue analysis. His connections with this judicial district are even more attenuated than his connections to the State of Arizona. Accordingly, venue is improper. Finally, even assuming personal jurisdiction and venue are proper, this action should be transferred to the London High Court, United Kingdom, where the bulk of the relevant witnesses are located. None of the parties are located in this judicial district, and none of the relevant witnesses will be located here. There is no local interest in adjudicating this dispute in this district. Adjudicating the lawsuit in this judicial district would result in a needless expenditure of resources. For the reasons set forth herein, Kiana respectfully requests that the Court grant his Motion and dismiss or transfer this lawsuit.

Respectfully submitted, and dated: November 8, 2011.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2011, I caused the foregoing Motion to Dismiss or Transfer.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct and that this declaration was executed on November 8, 2011 at Chelmsford, Essex, United Kingdom.

By Musa Kiana

