1
2
3
4
5
6            UNITED STATES DISTRICT COURT
7               DISTRICT OF ARIZONA
8
9   Validus Holdings, Ltd.,                    No. 2:11-cv-02030-SRB
10                        Plaintiff,
                                               **DEFAULT JUDGMENT**
11           v.
12
    Musa Kiana; Validus Re Ltd.; Julian
13  Hargreaves; validus.co, an internet domain
    name; validusre.co, an internet domain name;
14  validusholdings.co, an internet domain name;
    validusresearch.co, an internet domain name;
15  validusurs.co, an internet domain name;
    talbotuw.co, an internet domain name;
16  undriskserv.co, an internet domain name;
    alphacatre.co, an internet domain name;
17  alphacatfund.co, an internet domain name;
    ursl.co, an internet domain name; and
18  underwritingriskservices.co, an internet
19  domain name,
20
                        Defendants,
21
22  and
23  GoDaddy.com, Inc.,
24                    Nominal Defendant
25
26
27
28

Having considered Plaintiff Validus Holdings, Ltd.'s ("Plaintiff") Application for Default Judgment by the Court (Doc. 57) against the following Defendants (which are all domain names):    (1) alphacatfund.co; (2) alphacatre.co; (3) talbotuw.co; (4) underwritingriskservices.co;  (5) undriskserv.co;  (6) ursl.co;  (7) validus.co;  (8) validusholdings.co; (9) validusre.co; (10) validusresearch.co; and (11) validusurs.co (collectively, the "Domain Name Defendants"), and good cause appearing,

**THE COURT FINDS:**

(a)    Plaintiff properly served the Verified Complaint and Summons on the Domain Name Defendants on October 19, 2011 consistent with the service of process provision under 15 U.S.C. § 1125(d)(2)(B).

(b)    The Domain Name Defendants are not infants or incompetent persons or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

(c)    The Domain Name Defendants failed to answer or otherwise respond to the Verified Complaint within the time required under Federal Rule of Civil Procedure 12(a), and the Clerk of the Court properly entered default on December 15, 2011.

(d)    Notice of Plaintiff's Application for Default Judgment by the Court (Doc. 57) has been given to each of the Defendants.

(e)    The Court lacks personal jurisdiction over the Registrant Defendants, who are the registrants of the Domain Name Defendants.

(f)    The Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121  and 28 U.S.C. § 1331, and has *in rem* jurisdiction over the Domain Name Defendants pursuant to 15 U.S.C. § 1125(d)(2)(A).

(g)    The Registrant Defendants registered the Domain Name Defendants in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Default Judgment by the Court (Doc. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** Default Judgment is entered in favor of Plaintiff against the Domain Name Defendants.

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1125(d)(1)(C), Nominal Defendant GoDaddy.com, Inc. shall transfer the Domain Name Defendants to Plaintiff within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** the Clerk of the Court shall close this case.

Dated this 16th day of December, 2011.


_____
Susan R. Bolton
United States District Judge